IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------------x
DONALD F. BENOIT, Derivatively on          :
Behalf of MBNA CORP., and on Behalf of     :
Himself and All Others Similarly Situated, :
                                           :
                    Plaintiff,             :
                                           :
        vs.                                :
                                           :
BRUCE L. HAMMONDS, et al.,                 :    Civ. No. 07-CV-561-GMS
                                           :
                    Defendants,            :
                                           :
        --and--                            :
                                           :
BANK OF AMERICA CORPORATION, a             :
Delaware Corporation, AS SUCCESSOR         :
IN INTEREST TO MBNA CORP., and             :
MBNA CORP., a Maryland Corporation,        :
                                           :
                    Nominal Defendants.    :
-------------------------------------------------------x
```

*Additional Caption on Following Page*

**THE MBNA OUTSIDE DIRECTOR DEFENDANTS' RESPONSE TO THE BENOIT GROUP'S MOTION TO CONSOLIDATE AND TO BE APPOINTED LEAD PLAINTIFF AND TO APPROVE DESIGNATION OF LEAD COUNSEL**

| | |
|---|---|
| | Edward P. Welch (I.D. No. 671) |
| | Edward B. Micheletti (I.D. No. 3794) |
| | SKADDEN, ARPS, SLATE, |
| |   MEAGHER & FLOM LLP |
| Of The New York Bar: | One Rodney Square |
| Jay B. Kasner | Wilmington, Delaware  19899 |
| Susan L. Saltzstein | Tel.: (302) 651-3000 |
| SKADDEN, ARPS, SLATE, | Fax: (302) 651-3001 |
|   MEAGHER & FLOM LLP | E-mail:  emich@skadden.com |
| 4 Times Square | |
| New York, New York  10036-6522 | *Attorneys for the Outside Director Defendants* |

DATED:  December 26, 2007

```
-------------------------------------------------------x
                                                       :
LEMON BAY PARTNERS, and                                :
MALCOLM ROSENWALD,                                     :
                                                       :
                         Plaintiff,                    :
                                                       :
         vs.                                           :
                                                       :
BRUCE L. HAMMONDS, et al.,                             :   Civ. No. 07-CV-562-GMS
                                                       :
                         Defendants,                   :
                                                       :
         --and--                                       :
                                                       :
BANK OF AMERICA CORPORATION,                           :
AS SUCCESSOR IN INTEREST TO                            :
MBNA CORP., AND MBNA CORP.,                            :
                                                       :
                         Nominal Defendants.           :
                                                       :
-------------------------------------------------------x
```

## TABLE OF CONTENTS

TABLE OF CASES AND AUTHORITIES...................................................................................i

NATURE AND STAGE OF PROCEEDINGS.............................................................................1

ARGUMENT...................................................................................................................................5

I.     The Court Should Defer Ruling On This Motion Until It Decides The
Pending Motion For Reconsideration In The Original Action............................................5

CONCLUSION................................................................................................................................8

## TABLE OF CASES AND AUTHORITIES

CASES                                                                                                          PAGE(S)

*Boone v. Kurtz*,
    617 F.2d 435 (5th Cir. 1980)............................................................................................... 6

*Brambles USA, Inc. v. Blocker*,
    735 F. Supp. 1239 (D. Del. 1990) ....................................................................................... 4

*Bromwell v. Michigan Mut. Ins. Co.*,
    115 F.3d 208 (3d Cir. 1997)................................................................................................. 6

*In re Digital Island Sec. Litig.*,
    C.A. No. 02-57-GMS, 2002 WL 31667863 (D. Del. Nov. 25, 2002),
    *aff'd*, 357 F.3d 322 (3d Cir. 2004)................................................................................... 4, 5

*Lemon Bay Partners LLP v. Hammonds*,
    C.A. No. 05-327-GMS, 2007 WL 1830899 (D. Del. June 26, 2007) ................ 2, 6

*Shaw v. Merritt-Chapman & Scott Corp.*,
    554 F.2d 786 (6th Cir. 1977)................................................................................................ 6

*Zoriano Sanchez v. Caribbean Carriers Ltd.*,
    552 F.2d 70 (2d Cir. 1977)................................................................................................... 7

AUTHORITIES

15 U.S.C. § 78j(b) ........................................................................................................................ 2

Defendants James H. Berick, Mary M. Boies, Benjamin R. Civiletti, William L. Jews, Stuart L. Markowitz, William B. Milstead, Thomas G. Murdough and Laura S. Unger, all of whom are former directors of MBNA Corporation (collectively, the "Outside Directors"), submit this brief in response to Plaintiffs' motion to consolidate the above-titled actions, appoint lead plaintiff and approve the designation of lead counsel (the "Motion"). As explained further below, the Outside Directors respectfully request that the Court defer judgment on the Motion until the Court decides a pending motion for reconsideration in the action styled *In re MBNA Corporation Derivative and Class Litigation*, Lead Case No. 1:05-cv-00327-GMS (the "Original Action"), wherein this Court dismissed the very claims raised herein on jurisdictional grounds.

## NATURE AND STAGE OF PROCEEDINGS

Under normal circumstances, the Outside Directors would not oppose consolidation, and would likely take no position on the Plaintiffs' proposed leadership structure. However, the filing of these new complaints and the Motion are tactical maneuvers designed to avoid a ruling by this Court on a fully-briefed motion for reconsideration currently pending before the Court in the Original Action. Not surprisingly, Plaintiffs avoid any mention of the dismissal of the Original Action, or their pending motion for reconsideration in the Original Action, in their brief filed in support of this Motion.

More than two years ago, on May 25, 2005, Plaintiffs – Donald F. Benoit, Lemon Bay Partners and Malcolm Rosenwald – commenced lawsuits in the Original Action against the Outside Directors and other members of the MBNA board. (Consol. D.I. 1).

On August 23, 2005, Plaintiffs sought permission from the Court to consolidate these complaints and to designate lead counsel "[i]n an effort to ensure consistent rulings and decisions and avoid unnecessary duplication of effort . . . . " (Consol. D.I. 28). The stipulation and proposed order expressly applied "to each . . . action arising out of the same or substantially the same transactions or events as these cases that is subsequently filed in, removed to or transferred to this Court." (*Id.*). The Court entered the consolidation order on August 25, 2005 (the "Original Consolidation Order"). (*Id.*).

Thereafter, on November 21, 2005, Plaintiffs filed a Consolidated Amended Complaint in the Original Action. (Consol. D.I. 31). The Consolidated Amended Complaint contained eleven counts – ten of which raised Maryland state law breach of fiduciary duty claims stemming from MBNA's merger with Bank of America Corporation ("BAC"), and one of which purported to seek contribution pursuant to Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b). Notably, the Outside Directors were not named as defendants in the lone federal count. On January 20, 2006, the Outside Directors moved to dismiss the Consolidated Amended Complaint on a number of grounds, including lack of subject matter jurisdiction. (Consol. D.I. 42).

On June 26, 2007, after full briefing – including sur-reply briefing on the issues of subject matter jurisdiction – the Court issued a written opinion granting the Outside Directors' motion, and dismissed the case in its entirety. *See Lemon Bay Partners LLP v. Hammonds*, C.A. No. 05-327-GMS, 2007 WL 1830899 (D. Del. June 26, 2007). Specifically, the Court held that:

> [T]he state law claims in this case substantially predominate over the federal claim. The [Consolidated Amended Complaint] is comprised almost entirely of state

2

> law issues that bear no discernable relationship to the contribution claim, and the plaintiffs present no persuasive reason for the court to use its discretionary power to exercise supplemental jurisdiction in this case. Given the foregoing, the court concludes that exercising supplemental jurisdiction in a case such as this 'would be an improper exercise of subject matter jurisdiction, since it would truly permit the tail to wag the dog.'

*Id.* at *5 (citing *In re Litig. Trust of MDIP*, No. Civ. A. 03-779-GMS, 2005 WL 1242157, at *5 (D. Del. May 25, 2005)). The Court also squarely held that "since the plaintiffs failed to affirmatively and distinctly assert diversity jurisdiction in their amended complaint, the plaintiffs cannot now assert diversity jurisdiction as a possible basis for subject matter jurisdiction." *Id.* at *5 n.9 (citing *S. Freedman & Co., Inc. v. Raab*, 180 Fed. Appx. 316, 320 (3d Cir. 2006) ("It is well established that the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference.")).

Not satisfied with the Court's decision, Plaintiffs filed a motion for reconsideration on July 11, 2007, contending that the Court "patently misunderstood" their arguments about extending supplemental jurisdiction over the ten state law counts, and "overlooked" their request for leave to amend the Consolidated Amended Complaint. (Consol. D.I. 76). On July 26, 2007, the Outside Directors filed a response to the motion for reconsideration, explaining that many of Plaintiffs' criticisms were thinly veiled attempts at rehashing old arguments that the Court had already expressly considered and rejected.[1] (Consol. D.I. 78). The Outside Directors also noted that the Court could not

---

[1] In many respects, Plaintiffs were attempting to treat the Court's opinion as a "'first draft[], subject to revision and reconsideration at [Plaintiffs'] pleasure,'" an approach this Court does not, and should not, condone. *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1241 (D. Del. 1990) (citation omitted).

3

have "overlooked" a request for leave to file an amended complaint because Plaintiffs never made such a request.[2]  Importantly, *Plaintiffs' motion for reconsideration is still pending before the Court.*

Rather than waiting for the Court's decision on the motion for reconsideration, Plaintiffs instead filed two "new" complaints against the same Defendants raising similar claims (Lemon Bay D.I. 1; Benoit D.I. 1),[3] and thereafter filed this Motion.  Among other deficiencies, the two new complaints fail to properly raise any federal law claims against the Outside Directors.

---

[2] As this Court has routinely held, decisions about leave to amend are based on formal motion practice, not "on covert 'signals' from counsel." *See, e.g.*, *In re Digital Island Sec. Litig.*, C.A. No. 02-57-GMS, 2002 WL 31667863, at *2 (D. Del. Nov. 25, 2002) ("Had the Plaintiffs been as interested in amending as they claim to have been, the appropriate response would have been a request for leave to amend, before the court dismissed their case."), *aff'd*, 357 F.3d 322 (3d Cir. 2004).

[3] In a letter to the Court dated September 18, 2007, Plaintiffs acknowledged that the two "new" complaints in this action were "similar" to the Consolidated Amended Complaint that was dismissed in the Original Action. (Consol. D.I. 79). Plaintiffs also acknowledged that they filed the two new complaints despite the fact that their motion for reconsideration was still pending before the Court in the Original Action.  Further, Plaintiffs continued to disingenuously claim that by dismissing the Consolidated Amended Complaint, "the Court overlooked plaintiffs' request to file an amended complaint . . . ." (*Id.* at 2).  The Outside Directors responded with their own letter to the Court on September 24, 2007 noting, among other things, that Plaintiffs' recently-filed complaints were an obvious tactic to avoid dismissal and an attempt to interfere with the Court's decision-making process on the pending motion for reconsideration.  Pursuant to Local Rule 7.1.5, the Court declined to consider either letter in connection with the pending motion for reconsideration on the ground that they were improper sur-reply submissions.  (Oral Order striking D.I. 79 and D.I. 80).

# ARGUMENT

## I. The Court Should Defer Ruling On This Motion Until It Decides The Pending Motion For Reconsideration In The Original Action.

With this Motion, Plaintiffs are attempting to end run the Court's decision to dismiss the Original Action, and also to undermine the Court's ability to decide the pending motion for reconsideration in that action. The Court should defer judgment on the Motion for the following reasons.

*First*, by filing new complaints that are similar to the Consolidated Amended Complaint and a Motion which seeks to consolidate those new complaints, Plaintiffs have disregarded the Original Consolidation Order, which by its express terms applies "to each shareholder derivative and state law based class action arising out of the same or substantially the same transactions or events as these cases that is subsequently filed in, removed to or transferred to this Court." (Consol. D.I. 28). Moreover, Plaintiffs' violation of the Original Consolidation Order is especially egregious in light of the fact that the Court is still considering *their* pending motion for reconsideration in the Original Action.

*Second*, in connection with their motion for reconsideration, Plaintiffs argued that the Court should have allowed them to amend the Consolidated Amended Complaint in order to avoid dismissal. Of course, this argument ignores that Plaintiffs had an opportunity to revise their pleading to add jurisdiction-related or other allegations, and failed to do so *before* the Court granted the motion to dismiss. *See, e.g.*, *In re Digital Island Sec. Litig.* C.A. No. 02-57-GMS, 2002 WL 31667863, at *1 (D. Del. Nov. 25, 2002) ("[P]laintiffs were aware of the facts which they now seek to add at the time the original pleading was filed. Thus, there is no excuse for failure to plead them before the

case was dismissed.").[4]  Instead of waiting for the Court to decide this issue in connection with the motion for reconsideration, Plaintiffs filed these new complaints in an attempt to amend their deficient pleading in the Original Action.  Unless the Court defers judgment on the Motion until after the Court decides the motion for reconsideration, Plaintiffs will have effectively granted themselves the very relief they sought from the Court.

*Third*, if the Court denies Plaintiffs' motion for reconsideration in the Original Action, the Outside Directors intend to move to dismiss these new actions on several grounds, including on *res judicata* grounds.  *See, e.g.*, *Bromwell v. Michigan Mut. Ins. Co.*, 115 F.3d 208, 212-13 (3d Cir. 1997) ("A dismissal for lack of subject-matter jurisdiction, while 'not binding as to all matters which could have been raised,' is, however, conclusive as to matters actually adjudged.") (citations omitted).  "Although the dismissal of a complaint for lack of jurisdiction does not adjudicate the merits so as to make the case *res judicata* on the substance of the asserted claim, it does adjudicate *the court's jurisdiction*, and a second complaint cannot command a second consideration of the same jurisdictional claims."  *Boone v. Kurtz*, 617 F.2d 435, 436 (5th Cir. 1980) (holding the complaint was properly dismissed under the doctrine of *res judicata* where the District Court had already dismissed an almost identical complaint for lack of jurisdiction) (emphasis added); *Shaw v. Merritt-Chapman & Scott Corp.*, 554 F.2d 786, 789 (6th Cir. 1977) (holding that plaintiffs were barred from bringing a subsequent suit

---

[4]  This is particularly true as to Benoit's long-abandoned theory of diversity jurisdiction, which – apart from its dubious prospects, given that MBNA's principal place of business was Wilmington, Delaware – was affirmatively dropped from the case at the time Plaintiffs filed their Consolidated Amended Complaint.  *See Lemon Bay*, 2007 WL 1830899, at *5 n.9 ("[S]ince the Plaintiffs failed to affirmatively and distinctly assert diversity jurisdiction in their amended complaint, the plaintiffs cannot now assert diversity as a possible basis for subject matter jurisdiction.").

6

asserting essentially the same claims and citing the same jurisdictional basis because plaintiff did not appeal the dismissal, stating that while "a dismissal for lack of jurisdiction does not constitute an adjudication upon the merits, it does constitute a binding determination on the jurisdictional question, which is not subject to collateral attack").[5] In light of this, it would be more efficient for the Court to decide Plaintiffs' pending motion for reconsideration in the Original Action before deciding this Motion and allowing these new actions to proceed.

---

[5]  Further, any attempt by Plaintiff to argue that the "new" complaints are not identical to the Consolidated Amended Complaint, and thus could not be dismissed on res judicata grounds, should be rejected. "The res judicata doctrine . . . not only binds the parties and their privies as to grounds or issues actually litigated, but also as to any other admissible matter which might have been offered for that purpose." *Zoriano Sanchez v. Caribbean Carriers Ltd.*, 552 F.2d 70, 71 (2d Cir. 1977) (citation omitted) (barring second suit arising from identical facts and issues where court had already dismissed a similar action for lack of jurisdiction and finding that new claim asserted by plaintiff did not affect the decision).

7

## CONCLUSION

For all of the foregoing reasons, the Outside Directors respectfully request that the Court defer judgment on the Motion until the Court has the opportunity to decide the motion for reconsideration in the Original Action.

|  |  |
|---|---|
|  | */s/ Edward B. Micheletti*<br>Edward P. Welch (I.D. No. 671)<br>Edward B. Micheletti (I.D. No. 3794)<br>SKADDEN, ARPS, SLATE,<br>  MEAGHER & FLOM LLP |
| Of The New York Bar:<br>Jay B. Kasner<br>Susan L. Saltzstein<br>SKADDEN, ARPS, SLATE,<br>  MEAGHER & FLOM LLP<br>4 Times Square<br>New York, New York  10036-6522 | One Rodney Square<br>Wilmington, Delaware  19899<br>Tel.: (302) 651-3000<br>Fax: (302) 651-3001<br>E-mail:  emich@skadden.com<br><br>*Attorneys for the Outside Director Defendants* |

DATED:  December 26, 2007

8