UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD F. BENOIT, Derivatively on Behalf of MBNA CORP. and on Behalf of Himself and All Others Similarly Situation,<br><br>Plaintiff,<br><br>vs.<br><br>BRUCE L. HAMMONDS, *et al.*<br><br>Defendants,<br><br>--and--<br><br>BANK OF AMERICA CORPORATION, a Delaware Corporation, AS SUCCESSOR IN INTEREST TO MBNA CORP., and MBNA CORP., a Maryland Corporation,<br><br>Nominal Defendants. | Civ. No. 07-CV-561 (GMS) |

*Additional Caption on Following Page*

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE BENOIT GROUP'S MOTION TO BE APPOINTED LEAD PLAINTIFF AND TO APPROVE THEIR DESIGNATION OF LEAD COUNSEL**

|  |  |
|---|---|
|  | Pamela S. Tikellis (#2172)<br>A. Zachary Naylor (#4439)<br>**CHIMICLES & TIKELLIS LLP**<br>One Rodney Square<br>Wilmington, DE 19801<br>302-656-2500<br>*Plaintiffs' Liaison Counsel* |
| Jeffrey P. Fink<br>Julia Williams<br>**ROBBINS UMEDA & FINK, LLP**<br>610 West Ash Street, Suite 1800<br>San Diego, CA 92101<br>(619) 525-3990<br>*Plaintiffs' Proposed Co-Lead Counsel* | Laurence D. Paskowitz<br>**PASKOWITZ & ASSOCIATES**<br>60 East 42nd Street, 46th Floor<br>New York, NY 10165<br>(212) 685-0969<br><br>*Plaintiffs' Proposed Co-Lead Counsel* |

Dated: January 10, 2008

| | |
|---|---|
| LEMON BAY PARTNERS, and MALCOLM ROSENWALD, : :<br>: :<br>Plaintiff, : :<br>: :<br>--against-- : :<br>: :<br>BRUCE L. HAMMONDS, *et al.* : :<br>: :<br>Defendants, : :<br>: :<br>--and-- : :<br>: :<br>BANK OF AMERICA CORPORATION, : : AS SUCCESSOR IN INTEREST TO : : MBNA CORP., and MBNA CORP., : :<br>: :<br>Nominal Defendants. : : | Civ. No. 07-CV-562 (GMS) |

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT..................................................................................................1

STATEMENT OF FACTS........................................................................................................2

ARGUMENT.............................................................................................................................3

    I.      THE CLASS CLAIMS ASSERTED IN THE
ACTIVEST CLASS ACTION AND THE INSTANT
ACTION ARE DIFFERENT, ACTIVEST HAS NOT
MOVED TO BE LEAD PLAINTIFF HERE UNDER
THE PSLRA, ACTIVEST HAS NOT SHOWN ANY
INTEREST IN SO SERVING, AND ACTIVEST MAY
NOT EVEN BE A MEMBER OF THE BENOIT CLASS..........................3

        A.      The Benoit 2007 Class Action and the Activest
Class Action Complain of Different Wrongdoing
as the Basis for Their Class Action Claims................................4

        B.      The Benoit 2007 Class Action and the Activest
Class Action Involve Different Class Periods............................4

    II.     THIS MOTION SHOULD NOT BE DEFERRED
PENDING A DECISION ON THE RECONSIDERATION
MOTION IN THE BENOIT 2005 CLASS ACTION.................................5

    III.    DEFENDANTS LACK STANDING TO OPPOSE
THE APPOINTMENT OF LEAD PLAINTIFFS
AND THEIR COUNSEL............................................................................7

CONCLUSION..........................................................................................................................7

# TABLE OF AUTHORITIES

**CASES**                                                                         **PAGE**

*Baker v. MBNA Corp, et al.*, 05 CV 272 (GMS).................................................................................1

*Cal. Pub. Employees' Ret. Sys. v. Chubb Corp.*, 127 F. Supp. 2d 572 (D.N.J. 2001).....................7

*Lemon Bay Partners LLP v. Hammonds,*
    2007 U.S. Dist. LEXIS 46143 (D. Del. June 26, 2007)..........................................................5

*In re Lucent Techs. Inc. Sec. Litig.*, 194 F.R.D. 137 (D.N.J. 2000).................................................7

*In re Merck & Co., Inc. Sec. Litig.*, 432 F.3d 261(3d Cir. 2005).....................................................7

*In re Microstrategy Sec. Litig.*, 110 F. Supp.2d. 427 (E. D. Va. 2000)...........................................6

*In re Telxon Corp. Sec. Litig,.* 67 F. Supp.2d 803 (N.D. Oh. 1999)................................................6

*Smith v. Pittsburgh Gage & Supply Co.*, 464 F.2d 870 (3d Cir. 1972).......................................2, 6

**STATUTES**

Private Securities Litigation Reform Act ...............................................................................Passim

Securities Exchange Act of 1934............................................................................................Passim

## **PRELIMINARY STATEMENT**

Defendants' answering brief opposing the appointment of plaintiffs Donald Benoit, Lemon Bay Partners and Malcolm Rosenwald (collectively the "Benoit Group") as lead plaintiffs, and the appointment of their counsel as lead counsel, does not provide any reasonable basis for the Court to deny plaintiffs' motion.

The Benoit Group plaintiffs filed their class action complaints on September 18, 2007 (the "Benoit 2007 Class Action"), asserting derivative claims on behalf of Bank of America Corp. ("BAC", the successor in interest to MBNA Corp.), and fraud claims on behalf of a class of all persons who exchanged MBNA shares for BAC shares in a merger which closed on or about January 1, 2006 (the "Benoit Class"). The Benoit 2007 Class Action asserts federal claims that had not been asserted in a previous class action filed by these same plaintiffs (the "Benoit 2005 Class Action"), which was dismissed by this Court on jurisdictional pleading grounds in 2007.

In two briefs, the defendants oppose the appointment of the Benoit Group as Lead Plaintiff, but the arguments they advance are groundless. They ask this Court to disregard the PSLRA, and to appoint Activest Investmentgesellschaft mbH ("Activest"), the Lead Plaintiff in *Baker v. MBNA Corp, et al.*, 05 CV 272 (GMS) (the "Activest Class Action") as Lead Plaintiff for these actions even though Activest: (a) has filed no PSLRA-required Certification or Motion stating that is a member of the Benoit Class; (b) has not stated anywhere that it wishes to lead the Benoit Group actions and assert the claims alleged in the Benoit Group complaints; and (c) has not stated anywhere that it has reviewed and approved the allegations contained in the Benoit Group's complaints. Defendants further ignore that Benoit Group class claims are based on events that occurred subsequent to the relevant period asserted in the Activest Class Action, which is only the three month period from January 20, 2005 through April 20, 2005 (the "Activest Class Period"). Thus, defendants' proposal that this Court appoint Activest, which is not clearly a member of the Benoit Class (a requisite for Article III standing), which has shown no interest in the present case, and which has not moved

under the PSLRA for appointment, as Lead Plaintiff here is unsound, unsupportable and unprecedented.

Defendants' second argument, that the decision on Lead Plaintiff here be deferred until this Court has ruled on the motion to reconsider the dismissal of the Benoit 2005 Class Action, is based on a presumption that ignores established Third Circuit law. Binding precedent holds that once (as here) an action is dismissed for lack of subject matter jurisdiction, a plaintiff in that action may filed a new and independent case re-asserting the dispute, and anchored on different allegations establishing federal subject matter jurisdiction. *See e.g., Smith v. Pittsburgh Gage & Supply Co.*, 464 F.2d 870 (3d Cir. 1972)("jurisdictional dismissals do not bar further litigation of the cause of action when the *subsequent complaint* cures the jurisdictional defect."), *citing, Etten v. Lovell Manufacturing Company*, 225 F.2d 844, 846 (3d Cir. 1955). Should the Benoit 2005 Class Action be reinstated when and if reconsidered by this Court, it would be appropriate to consolidate that action with this one. But that possibility does not undermine this action's status as an independent action, which is entitled to go forward with or without the claims previously asserted in the dismissed action.

Finally, defendants' attempt to interfere in the appointment of lead plaintiffs and lead counsel is not well founded, as defendants have no standing under the Private Securities Litigation Reform Act of 1995 ("PSLRA") to oppose this motion under Third Circuit law (except on limited grounds not presented here). As such, the Benoit Group's motion for appointment of Lead Plaintiff and lead counsel should be granted.

## STATEMENT OF FACTS

MBNA was a public bank holding company which principally issued credit cards. This action arises out of the individual defendants' scheme to enrich themselves via an unfair and fraudulent Merger, which had the simultaneous benefit of insulating them against personal liability for having committed (or allowed) a previous securities fraud. As alleged in the complaints, MBNA's top executives (the "Insider Defendants") were desperate to sell the Company, enrich

themselves substantially through benefits the public shareholders did not also enjoy, and effectively eradicate their personal liability. In connection with this scheme, MBNA's shareholders were induced to approve the Merger by a false and misleading Proxy Statement, which concealed material facts, including certain insiders' misconduct. The transaction, during which MBNA was absorbed into Bank of America Corporation ("BAC"), closed on January 1, 2006 (the "Merger").

Plaintiffs filed the present derivative and class complaints in September 2007 to rectify the above fraud and breaches of fiduciary duties. In particular, plaintiffs bring class claims for the dissemination of a proxy statement in violation of the anti-fraud provisions of the Exchange Act on behalf of persons whose MBNA shares were exchanged for BAC shares for an unfair and artificially deflated price. Plaintiffs' derivative claims rest on the misconduct occurring prior to the sale of MBNA. Specifically, plaintiff alleges that various defendants breached their fiduciary duties due to conduct leading up to the sale of the Company. Plaintiff also alleges that defendants hasty and ill-considered decision to sell to BAC was motivated variously by selfish financial interests, and by a desire to avoid liability in the class action lawsuits based on alleged misstatements and omissions by defendants in 2004 and 2005 ("the Activest Class Action") – the action which defendants are now trying to improperly combine with this action.

## ARGUMENT

I. **THE CLASS CLAIMS ASSERTED IN THE ACTIVEST CLASS ACTION AND THE INSTANT ACTION ARE DIFFERENT, ACTIVEST HAS NOT MOVED TO BE LEAD PLAINTIFF HERE UNDER THE PSLRA, ACTIVEST HAS NOT SHOWN ANY INTEREST IN SO SERVING, AND ACTIVEST MAY NOT EVEN BE A MEMBER OF THE BENOIT CLASS**

Defendants object to appointment of lead counsel on the basis that this Court has already appointed lead counsel in the Activest Class Action. Defendants improperly equate the instant class action period with that alleged in the Activest Class Action. This argument fails because the claims are different, the class period is not the same, and the two class actions could not possibly be led by non-movant Activest.

### A. The Benoit 2007 Class Action and the Activest Class Action Complain of Different Wrongdoing as the Basis for Their Class Action Claims

Although the fraud alleged in the Activest Class Action set the stage for the Benoit Group Class Claims, *proof of the fraud alleged by Activest simply does not also prove the fraud alleged by the Benoit Group.* Activest has shown no interest in asserting or proving any fraud in connection with the Merger that closed more than eight months after the end of the Class Period alleged by Activest. The Activest Class Action is concerned solely with claims under Section 10(b) of the Exchange Action for material omissions and misleading statements in MBNA financial statements during a short period beginning on January 20, 2005 and ending on April 20, 2005. Plaintiff Activest has expressed no interest in asserting any claims that have to do with any events occurring after April 20, 2005, much less that there was fraud in connection with merger between BAC and MBNA that closed in 2006.

By contrast, the instant action asserts claims under Section 10(b) and SEC Rule 10b-5 for false and misleading statements in a proxy solicitation sent to shareholders, and focuses at great length on events occurring post-April 20, 2005, and the manner in which the Merger was effectuated. Notably, Activest did not and has not amended its complaint to assert any claims for securities violations in connection with the merger or the dissemination of false proxy materials. Further, to date, counsel in *Activest* has not moved to be appointed lead counsel in this action nor have they asserted any interest in the Benoit Group's disparate post-April 2005 claims. Thus, the two groups of claims simply cannot be artificially meshed together to be prosecuted by a Lead Plaintiff who has not sought to do so.

### B. The Benoit 2007 Class Action and the Activest Class Action Involve Different Class Periods

As noted above, the Benoit 2007 Class Action and the Activest Class Action's distinct wrongdoing also involves different class periods. The relevant period in the Activest Class Action extends only until April of 2005 – two months before *any* of the alleged merger-related misconduct

4

underlying plaintiffs' proxy statement class claims even occurred. The Activest Class Action seeks money on behalf of investors that were defrauded by misleading statements and omissions prior to April, 21 2005, when these false statements and omissions were revealed to the public and MBNA's share price plummeted. Defendants make the purely speculative assertion that the classes "likely" overlap to a significant degree because some shareholders may have held both in April 2005 and January 2006 and because the claims are "related." Defs. Opp. at 4-5. Defendants are essentially requesting that the Court conflate different claims that occurred during different periods. To combine these actions that *might* have some overlapping class members, however, would be unprecedented, confusing, and contrary to the PSLRA requirement that the Lead Plaintiff in any class action prove its qualifications to lead that that action and its interest in doing so, something Activest has not done. Only the Benoit Group has followed the PSLRA procedures, has shown its desire to lead this action, and established its Article III standing to do so.

In sum, defendants' opposition to appointing class counsel on the basis that a Lead Plaintiff and a Lead Counsel exists in another, different action is unsupported. Thus, the Court should appoint lead plaintiff and counsel in this action, as requested in plaintiffs' Motion.

## II.  THIS MOTION SHOULD NOT BE DEFERRED PENDING A DECISION ON THE RECONSIDERATION MOTION IN THE BENOIT 2005 CLASS ACTION

The Benoit 2005 Class Action was dismissed by the Court not on its merits, but rather for lack of federal subject matter jurisdiction. *See Lemon Bay Partners LLP v. Hammonds*, 2007 U.S. Dist. LEXIS 46143 (D. Del. June 26, 2007). On July 11, 2007, plaintiffs moved for reconsideration of this Order contending, *inter alia,* that the existing federal claims were sufficient to confer subject matter jurisdiction, and that the Court overlooked plaintiffs' request to file an amended complaint that would allege additional federal claims, including claims as to the negligent dissemination of a false proxy under Section 14(a) of the Securities Exchange Act of 1934 (the "Exchange Act"). This Motion is pending decision.

The defendants insinuate that plaintiffs acted improperly in seeking to reinstate their claims through the filing of the Benoit 2007 Class Action. But plaintiffs were merely acting in the best interest of the Class and in line with long-established Third Circuit precedents. Because the allegedly false Proxy Statement at issue was dated September 19, 2005, the filing of the Benoit 2007 Class Action preserved certain of plaintiffs' claims and, even though a motion for reconsideration was pending, was consistent with plaintiffs' concurrent and overlapping right to file a new complaint following a dismissal Order that is based solely on jurisdictional grounds. *See e.g., Smith v. Pittsburgh Gage & Supply Co.*, 464 F.2d 870 (3d Cir. 1972)("jurisdictional dismissals do not bar further litigation of the cause of action when the *subsequent complaint* cures the jurisdictional defect.")(emphasis added), *citing, Etten v. Lovell Manufacturing Company*, 225 F.2d 844, 846 (3d Cir. 1955).

Thus, the present Benoit 2007 Class Action stands on its own and is independent of the previously-dismissed class action. Should this Court reinstate the previous claims, plaintiffs would of course seek to consolidate the new claims with the pre-existing action, but this speculative possibility does not justify stopping this action in its tracks. Whatever the Court may decide on reconsideration, that decision cannot affect the viability of the claims asserted in 2007 in accordance with *Smith, supra*, and other precedents of the Third Circuit.[1]

---

[1] Defendants ignore that the PSLRA requires an early determination of the lead plaintiff. PSLRA section 21D(3) provides for the appointment of lead plaintiff, requires early notice to the putative class, contemplates the early consolidation of related actions and directs the court rule on any lead plaintiff motions " as soon as practicable" after a decision is rendered on consolidation. Section 21D((3)(B)(ii). Courts adhere to the intent of the PSLRA that lead plaintiff be appointed as early as possible in the litigation. *See In re Microstrategy Sec. Litig.*, 110 F. Supp.2d. 427, 433 (E. D. Va. 2000)(Provisions of the PSLRA reflect Congress's sensible intent that lead plaintiff be appointed as early in the litigation as possible.); *In re Telxon Corp. Sec. Litig,*. 67 F. Supp.2d 803, 819-820 (N.D. Oh. 1999)("The obvious intent of these [PSLRA] provisions is to ensure that the lead plaintiff is appointed at the earliest possible time, and to expedite the lead plaintiff process.")

### III. DEFENDANTS LACK STANDING TO OPPOSE THE APPOINTMENT OF LEAD PLAINTIFFS AND THEIR COUNSEL

Courts in this Circuit have held that defendants lack standing under the PSLRA to oppose the appointment of lead plaintiffs, and their chosen lead counsel except under limited circumstances. *See In re Lucent Techs. Inc. Sec. Litig.*, 194 F.R.D. 137, 150n.17 (D.N.J. 2000)(Generally, a defendant may not object to the adequacy of typicality of the proposed lead plaintiff during the preliminary stage of litigation).

Outside of arguments that a particular plaintiff is inadequate to serve as Lead Plaintiff, which defendants do not advance here, defendants do not have standing to oppose a PSLRA motion. *In re Merck & Co., Inc. Sec. Litig.*, 432 F.3d 261, 266-67 (3d Cir. 2005) (noting that defendants generally do not have standing to challenge lead plaintiff selection). *See also, Cal. Pub. Employees' Ret. Sys. v. Chubb Corp.*, 127 F. Supp. 2d 572, 575 n.2 (D.N.J. 2001) (stating that the majority of courts have denied defendants the right to challenge "the adequacy of lead plaintiffs and their chosen counsel" and citing cases). Accordingly, defendants' argument that potentially similar or overlapping classes should be prevent appointment of lead plaintiff and counsel is not well founded, and is better suited to the class certification stage of litigation.

### CONCLUSION

For the foregoing reasons, the Benoit Group respectfully requests that the Court: (A) consolidate the related actions; (B) appoint the Benoit Group as lead plaintiff; and (C) approve Robbins Umeda & Fink, LLP and Paskowitz & Associates as co-lead counsel.

Dated: January 10, 2008

Respectfully submitted,

CHIMICLES & TIKELLIS, LLP

By: /s/
Pamela S. Tikellis (#2172)
A. Zachary Naylor (#4439)
One Rodney Square
P. O. Box 1035
Wilmington, DE 19899

7

Telephone: (302)-656-2500
Fax: (302)-656-9053

*Plaintiffs' Liaison Counsel*


Jeffrey P. Fink
ROBBINS UMEDA & FINK, LLP
610 West Ash Street, Suite 1800
San Diego, CA 92101
Telephone: (619) 525-3990


Laurence D. Paskowitz
Roy L. Jacobs
PASKOWITZ & ASSOCIATES
60 East 42nd Street, 46th Floor
New York, NY 10165
Telephone: (212) 685-0969

*Plaintiff's Proposed Co-Lead Counsel*

## CERTIFICATE OF SERVICE

I, A. Zachary Naylor, do hereby certify that on this 10th day of January, 2008, I caused copies of Reply Memorandum of Law in Further Support of the Benoit Group's Motion to Be Appointed Lead Plaintiff and to Approve Their Designation of Lead Counsel to be served on the following counsel in the manner indicated:

### BY HAND DELIVERY

Richard H. Morse
Young Conaway Stargatt & Taylor LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899

Edward P. Welch
Skadden, Arps, Slate, Meagher & Flom
One Rodney Square
P.O. Box 636
Wilmington, DE 19899

A. Zachary Naylor (#4439)