# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD F. BENOIT, Derivatively on Behalf of MBNA CORP. and on Behalf of Himself and All Others Similarly Situated, | : |
| Plaintiff, | : |
| vs. | : |
| BRUCE L. HAMMONDS, *et al.* | : |
| Defendants, | : Civ. No. 07-CV-561 |
| --and-- | : |
| BANK OF AMERICA CORPORATION, a Delaware Corporation, AS SUCCESSOR IN INTEREST TO MBNA CORP., and MBNA CORP., a Maryland Corporation, | : |
| Nominal Defendants. | : |

| | |
|---|---|
| LEMON BAY PARTNERS, and MALCOLM ROSENWALD, | : |
| Plaintiff, | : |
| vs. | : |
| BRUCE L. HAMMONDS, *et al.* | : |
| Defendants, | : Civ. No. 07-CV-562 |
| --and-- | : |
| BANK OF AMERICA CORPORATION, AS SUCCESSOR IN INTEREST TO MBNA CORP., and MBNA CORP., | : |
| Nominal Defendants. | : |

**DEFENDANTS' ANSWERING BRIEF**
**IN OPPOSITION TO THE BENOIT GROUP'S**
<u>**MOTION TO VACATE THE PSLRA STAY OF DISCOVERY**</u>

Richard H. Morse (No. 531)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
rmorse@ycst.com
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600

*Attorneys for Defendants MBNA Corporation, Bank*
*of America Corporation, Bruce Hammonds, Kenneth*
*Vecchione, Richard Struthers, John Cochran, III,*
*Lance Weaver, Charles Krulak, Michael Rhodes,*
*John Scheflen, Randolph Lerner and Kenneth Lewis*

Of Counsel:

Richard J. Urowsky
Richard C. Pepperman, II
Stacey R. Friedman
Ryan C. Williams
M. David Possick
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

February 7, 2008

# TABLE OF CONTENTS

Page

NATURE AND STAGE OF THE PROCEEDINGS ..........................................................1

SUMMARY OF ARGUMENT ....................................................................................2

STATEMENT OF FACTS .........................................................................................4

ARGUMENTS...........................................................................................................7

I.      VACATING THE PSLRA STAY IS NOT NECESSARY TO
        PRESERVE EVIDENCE.........................................................................................7

II.     PLAINTIFFS HAVE NOT ESTABLISHED UNDUE PREJUDICE.....................8

        A.      Plaintiffs Will Not Suffer Undue Prejudice If the PSLRA
                Stay Remains in Place.............................................................................9

        B.      Plaintiffs' Reliance on the Schedule for Future Motions to
                Dismiss Is Misplaced ............................................................................11

        C.      Plaintiffs Are Not Relieved of the PSLRA Stay by Simply
                Pleading State-Law Claims....................................................................12

        D.      The Existence of Claims That Are "Essentially the Same"
                as the Activest Claims Does Not Warrant Lifting the
                PSLRA Discovery Stay...........................................................................13

CONCLUSION..........................................................................................................14

# TABLE OF AUTHORITIES

*Page(s)*

## CASES

*In re Advanta Corp. Securities Litig.*, 180 F.3d 525 (3d Cir. 1999) ................................. 7

*In re AOL Time Warner, Inc. Sec & ERISA Litig.*,
    MDL No. 1500, 2003 U.S. Dist. LEXIS 12846 (S.D.N.Y. July 25, 2003) ............... 10

*In re CFS-Related Secs. Fraud Litig.*, 179 F. Supp. 2d 1260 (N.D. Okla. 2001) .......... 8-9

*In re Enron Corp. Secs., Derivative & "ERISA" Litig*ation,
    No. MDL-1446, Civ. No. H-01-3624, 2002 U.S. Dist. LEXIS 26261
    (S.D. Tex. Aug. 16, 2002)................................................................................ 9-10

*In re Fluor Corp. Secs. Litig.*, Civ. A. No. 97-734,
    1999 U.S. Dist. LEXIS 22128 (C.D. Cal. Jan. 15, 1999) ........................................ 7-8

*In re Lernout & Hauspie Sec. Litig.*, 214 F. Supp. 2d 100 (D. Mass. 2002) ................. 10

*In re Royal Ahold N.V. Sec. & ERISA Litig.*, 220 F.R.D. 246 (D. Md. 2004) ................ 10

*In re Vivendi Sec. Litig.*, 381 F. Supp. 2d 129 (S.D.N.Y. 2003) ..................................... 10

*In re WorldCom Securities Litigation*, 234 F. Supp. 2d 301 (S.D.N.Y. 2001) ............ 9-10

*Sarantakis* v. *Gruttadauria*, Civ. A. No. 02-1609,
    2002 U.S. Dist. LEXIS 14349 (N.D. Ill. Aug. 5, 2002) .......................................... 8-9

*SG Cowen Sec. Corp.* v. *District Court*, 189 F.3d 909 (9th Cir. 1999) ................ 7, 11-12

*The Winer Family Trust* v. *Queen*, No. 03-4318,
    2004 U.S. Dist. LEXIS 1825 (E.D. Pa. Feb. 6, 2004) ...................................... 7-8, 12

## STATUTES

15 U.S.C. § 77z-1 ................................................................................................. *passim*

15 U.S.C. § 78u-4 ................................................................................................ *passim*

## OTHER AUTHORITIES

H.R. Conf. Rep. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730 ................... 1, 6-7

## NATURE AND STAGE OF THE PROCEEDINGS

Plaintiffs have moved to vacate the automatic discovery stay that, pursuant to the Private Securities Litigation Reform Act (the "PSLRA"), 15 U.S.C. §§ 77z-1(b)(1), 78u-4(b)(3)(B), applies to two cases they brought in September 2007: the Verified Shareholder's Class and Derivative case filed by Donald Benoit, and the Shareholders' Class and Derivative case filed by Lemon Bay Partners and Malcolm Rosenwald (collectively, the "Benoit Group"). The Benoit Group asserts derivative claims on behalf of MBNA Corporation ("MBNA"), as well as claims under the Securities Exchange Act of 1934 (the "Securities Exchange Act") on behalf of a putative class of MBNA shareholders.

On December 10, 2007, the Benoit Group filed a motion to consolidate their two complaints, appoint the Benoit Group as Lead Plaintiffs, and approve the designation of Robbins Umeda & Fink, LLP and Paskowitz & Associates as Co-Lead Counsel. Defendants have opposed that motion, which is fully briefed.

On January 21, 2008, prior to the Court's ruling on the Benoit Group's Lead Plaintiff motion, the Benoit Group filed the present motion to vacate the PSLRA automatic stay of discovery. Defendants MBNA, Bank of America Corporation, Bruce Hammonds, Kenneth Vecchione, Richard Struthers, John Cochran, III, Lance Weaver, Charles Krulak, Michael Rhodes, John Scheflen, Randolph Lerner, and Kenneth Lewis oppose that motion and submit this answering brief.

## SUMMARY OF ARGUMENT

On June 26, 2007, this Court dismissed a complaint filed by the Benoit Group asserting state-law derivative claims nearly identical to those asserted in these cases. Plaintiffs moved for reconsideration of that dismissal. That motion is fully briefed and awaiting decision. Rather than await a ruling on its reconsideration motion, the Benoit Group filed the two new complaints now before this Court. The new complaints reassert the same state-law derivative claims and add claims under the Securities Exchange Act that are "essentially the same" as claims alleged in a related class action lawsuit pending in this Court since May 2005. (Pls. Br. at 1.) The Benoit Group has also moved for consolidation of the new complaints and appointment of a Lead Plaintiff and Co-Lead Counsel, a motion that defendants opposed.

Although a decision on either the Benoit Group's reconsideration motion or its Lead Plaintiff motion might obviate the need for any discovery in these actions, the Benoit Group have made this premature request to vacate the automatic discovery stay that the PSLRA imposes on the newly filed cases.

Plaintiffs have not identified a basis for lifting the PSLRA stay of discovery. By its terms, the PSLRA provides that "*all* discovery" in federal securities suits "shall be stayed during the pendency of any motion to dismiss." 15 U.S.C. §§ 77z-1(b)(1), 78u-4(b)(3)(B) (emphasis added). This mandatory stay can be lifted in only two "exceptional circumstances:" if "particularized discovery" is (1) "necessary to preserve evidence" or (2) "to prevent undue prejudice." 15 U.S.C. §§ 77z-1(b)(1), 78u-4(b)(3)(B); *see also* H.R. Conf. Rep. 104-369, at 32 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 736

(explaining that PSLRA stay should be lifted only where "exceptional circumstances" require discovery "to preserve evidence or prevent undue prejudice"). Here, plaintiffs do not—and cannot—contend that the stay should be lifted to preserve evidence. Likewise, plaintiffs' arguments that they will be "unduly prejudiced" fall far short of establishing the "exceptional circumstances" necessary to lift the PSLRA stay.

*First*, plaintiffs argue that the PSLRA stay should be lifted because "no motion to dismiss is pending." (Pls. Br. at 1-2.) As numerous courts have held, the simple fact that a motion to dismiss has not yet been filed does not warrant lifting the PSLRA stay. Moreover, the timing of defendants' contemplated motions to dismiss was set by this Court pursuant to a *schedule agreed to by plaintiffs*. Under that schedule, defendants' motions to dismiss are not due until sixty days after plaintiffs file a consolidated amended complaint, which has not happened yet. The schedule agreed to by plaintiffs is not an appropriate basis for vacating the discovery stay.

*Second*, plaintiffs' assertion of state-law claims in no way renders the PSLRA stay inapplicable to their complaints. By its terms, the PSLRA applies to all complaints brought under the federal securities laws, regardless of whether state-law claims are also asserted. Indeed, allowing such state-law claims to serve as a basis for vacating the discovery stay would eviscerate the protections of the PSLRA, especially where, as here, the potentially defective the federal securities law claims provide the sole basis for federal jurisdiction.

*Third*, plaintiffs' contention that the viability of their claims under the Securities Exchange Act has already been established by virtue of the Court's decision

denying a motion to dismiss "essentially the same" securities claims in a related action is both inconsistent with plaintiffs' previous position that their securities claims are different and substantively incorrect. (Pls. Br. at 1.) If the federal securities claims in the two actions are "essentially the same," the proper course of action is to deny plaintiffs' premature discovery request and their pending Lead Plaintiff motion, and to dismiss these "essentially the same" claims in favor of efficient pursuit of these claims through the earlier filed action. If the Securities Exchange Act claims in the two actions are different, then defendants should be given the opportunity to challenge the sufficiency of the new claims by a motion to dismiss before discovery begins.[1]

## STATEMENT OF FACTS

The background facts that provide context for the pending motion involve three related cases:

*Activest Action*: The first action is a consolidated class-action lawsuit alleging violations of the Securities Exchange Act based on alleged misstatements and omissions by defendants in 2004 and 2005 (the "Activest Action"). On October 13, 2005, this Court appointed a Lead Plaintiff—Activest Investmentgesselschaft, mbH—and designated Lead Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B) to pursue these federal

---

[1] In addition, defendants MBNA, Bank of America Corporation, Bruce Hammonds, Kenneth Vecchione, Richard Struthers, John Cochran, III, Lance Weaver, Charles Krulak, Michael Rhodes, John Scheflen, Randolph Lerner, and Kenneth Lewis hereby expressly adopt and incorporate by reference the arguments set forth in the MBNA Outside Director Defendants' Response to the Benoit Group's Motion to Vacate the Discovery Stay filed on behalf of defendants James H. Berick, Mary M. Boies, Benjamin R. Civiletti, William L. Jews, Stuart L. Markowitz, William B. Milstead, Thomas G. Murdough and Laura S. Unger and dated February 7, 2008.

-4-

securities law claims on behalf of a putative class of MBNA shareholders. (*See* Activest Action D.I. 33.) Discovery is proceeding in this action.

*Derivative Action*: The second action is a consolidated derivative lawsuit asserting state-law derivative claims on behalf of MBNA and a single federal claim for contribution under Section 10(b) of the Securities Exchange Act and Rule 10(b)(5) (the "Derivative Action"). The claims alleged in this action are based on the same alleged misconduct by defendants in 2004 and 2005. On June 26, 2007, this Court dismissed the Derivative Action for lack of federal subject-matter jurisdiction. (Derivative Action D.I. 75.) On July 11, 2007, plaintiffs moved for reconsideration or reargument of the decision dismissing their claims. (Derivative Action D.I. 76.) That motion, which is fully briefed, is pending before the Court.

*The New Benoit Group Complaints*: On September 18, 2007, without waiting for a decision on their pending motion for reconsideration of the dismissal of the Derivative Action, the same plaintiffs (the Benoit Group represented by the same counsel) filed two new actions in this Court, creating a parallel and duplicative track of litigation. In addition to asserting the same state-law derivative claims asserted in the Derivative Action, the new complaints also assert Securities Exchange Act claims that are "essentially the same" as those alleged in the Activest Action. (Pls. Br. at 1.) In fact, "[t]he *full* allegations of the Securities Class Action Complaint" are "incorporated . . . by reference" into the complaints in these actions. (*See* Benoit Complaint at p. 6 n.1; Lemon Bay Complaint at p. 7 n.1 (emphasis added).)

-5-

In October 2007, the Benoit Group agreed to a stipulated schedule that called for the filing of motions to dismiss the complaints to be deferred until *after* the Court has ruled upon motions for appointment of a Lead Plaintiff and Lead Counsel for the putative class and plaintiffs have filed a consolidated amended complaint. The Court entered the stipulated schedule on November 29, 2007. (D.I. 24.)

On December 10, 2007, the Benoit Group filed a motion to consolidate their two complaints, to have themselves appointed as Lead Plaintiffs, and to have their lawyers approved as Co-Lead Counsel for the putative class. Defendants opposed that motion on the grounds that, among other things, the ruling should be deferred until the Court rules on the pending motion for reconsideration of the dismissal of the Derivative Action. Defendants also argued that the Securities Exchange Act claims asserted in plaintiffs' new complaints are duplicative of the federal securities claims asserted in the Activest Action. This motion has been fully briefed.

On January 14, 2008, counsel for plaintiffs contacted counsel for defendants to request that defendants "stipulate to the lifting of the PSLRA stay." (E-mail from Laurence Paskowitz, dated Jan. 14, 2008 (attached as Exhibit A).)[2] Defendants refused, noting that plaintiffs' request was premature in view of plaintiffs' pending motions for reconsideration and appointment of Lead Plaintiff. (*See* E-mail from Edward Micheletti, dated Jan. 16, 2008 (attached as Exhibit B); E-mail from Richard

---

[2] Citations to "Exhibit __" refer to exhibits to the Affidavit of Richard Morse, sworn to February 7, 2008 and submitted herewith.

Pepperman, dated Jan. 16, 2008 (attached as Exhibit C).) On January 21, 2008, plaintiffs

filed the present motion to vacate the PSLRA discovery stay.

**ARGUMENT**

Congress adopted the automatic PSLRA discovery stay to restrict, among

other things "abuse of the discovery process . . . ." *In re Advanta Corp. Secs. Litig.*, 180

F.3d 525, 531 (3d Cir. 1999) (citing H.R. Conf. Rep. No. 104-369, at 28 (1995),

*reprinted in* 1995 U.S.C.C.A.N. 679, 748). In particular, Congress sought to limit

discovery "in securities class actions . . . [before] the court has sustained the legal

sufficiency of the complaint . . . ." *The Winer Family Trust* v. *Queen*, No. 03-4318, 2004

U.S. Dist. LEXIS 1825, at *4-5 (E.D. Pa. Feb. 6, 2004); *see also* 15 U.S.C. § 78u-

4(b)(3)(B); *SG Cowen Sec. Corp.* v. *District Court*, 189 F.3d 909, 911 (9th Cir. 1999)

(observing that automatic stay was "'intended to prevent unnecessary imposition of

discovery costs on defendants'") (quoting H.R. Conf. Rep. No. 104-369).

Congress permitted the lifting of the mandatory stay in *only* two

"exceptional circumstances:" if plaintiffs establish that "particularized discovery" is

(1) "necessary to preserve evidence" or (2) "to prevent undue prejudice." 15 U.S.C. §§

77z-1(b)(1), 78u-4(b)(3)(B). Neither "exceptional" circumstance exists here.

**I.    VACATING THE PSLRA STAY IS NOT NECESSARY TO PRESERVE
       EVIDENCE.**

Plaintiffs have not shown that "particularized discovery" is "necessary to

preserve evidence." 15 U.S.C. §§ 77z-1(b)(1), 78u-4(b)(3)(B). "A party alleging that

discovery is necessary to preserve evidence is required to make a specific showing that

'the loss of evidence is imminent as opposed to merely speculative.'" *Winer*, 2004 U.S.

-7-

Dist. LEXIS 1825, at *5 (quoting *In re CFS-Related Secs. Fraud Litig.*, 179 F. Supp. 2d
1260, 1265 (N.D. Okla. 2001); *see also In re Fluor Corp. Secs. Litig.*, Civ. A. No. 97-734
AHS, 1999 U.S. Dist. LEXIS 22128, at *7 (C.D. Cal. Jan. 15, 1999) (finding that
generalized "allegations of possible loss or destruction" are insufficient to warrant
vacating PSLRA stay of discovery); H.R. Conf. Rep. 104-369, at 32 (1995), *reprinted in*
1995 U.S.C.C.A.N. 730, 736 (explaining "terminal illness of an important witness" as
instance of "exceptional circumstances" where particularized discovery might be
warranted).

      Here, defendants have complied with their obligation to take reasonable
efforts to preserve potentially relevant documents. Moreover, defendants have already
notified plaintiffs that if the Benoit Group's claims survive defendants' motions to
dismiss and discovery proceeds, defendants will provide relevant documents produced in
the related Activest Action. (*See* Ex. C.) In these circumstances, plaintiffs cannot
establish a specific showing that "the loss of evidence is imminent." *Winer*, 2004 U.S.
Dist. LEXIS 1825, at *5.

## II.    PLAINTIFFS HAVE NOT ESTABLISHED UNDUE PREJUDICE.

      "A party alleging that discovery is necessary to prevent undue prejudice
must specifically identify 'improper or unfair treatment amounting to something less than
irreparable harm.'" *Winer*, 2004 U.S. Dist. LEXIS 1825, at *5 (quoting *Sarantakis* v.
*Gruttadauria*, Civ. A. No. 02-1609, 2002 U.S. Dist. LEXIS 14349, at *5 (N.D. Ill. Aug.
5, 2002)); *see also In re CFS-Related Secs. Fraud Litig.*, 179 F. Supp. 2d at 1265

("'Undue' prejudice is prejudice that is improper or unfair under the circumstances."").

Plaintiffs have made no showing of undue prejudice here.

### A.    Plaintiffs Will Not Suffer Undue Prejudice If the PSLRA Stay Remains in Place.

Plaintiffs' principal argument in support of lifting the PSLRA stay is that

the discovery they seek would "in no way burden or harm" defendants. (Pls. Br. at 5.)

This argument turns the PSLRA standard on its head.  To sustain a motion to vacate the

PSLRA stay, the Benoit Group must establish they will be unduly burdened by the denial

of discovery. *Sarantakis*, 2002 U.S. Dist. LEXIS 14349, at *10 (holding that even if

requested discovery would not prejudice defendants, that fact alone would "not relieve

plaintiffs of their burden to establish that *they will suffer undue prejudice* if the stay is not

lifted") (emphasis added).  Plaintiffs' focus on the effect of discovery on defendants is an

attempt to shift the burden of establishing "undue prejudice" to defendants, which should

be rejected by the Court.[3]

Plaintiffs' reliance on a handful of cases where the documents sought had

already been produced in other litigation or to government agencies is also misguided.

(Pls. Br. at 5.)  In the cases cited by plaintiffs, exceptional circumstances existed because

the party requesting the discovery would suffer undue prejudice if discovery did not

proceed.  For example, in *In re WorldCom Securities Litigation*, 234 F. Supp. 2d 301

---

[3]    If all that plaintiffs want is the evidence being produced in the Activest Action, then there is no basis for lifting the stay—that discovery will be available should plaintiffs' cases advance to the discovery stage.  If plaintiffs want something more than what is being provided in the Activest Action, then they have implicitly conceded that lifting the discovery stay will create additional burden on defendants, burden that is undue until the sufficiency of the complaints is tested.

(S.D.N.Y. 2002), plaintiffs "face[d] the very real risk" that they would be left to pursue

their action "against defendants who no longer have anything or at least as much to offer"

in future settlement negotiations if their access to discovery were delayed until after a

ruling on a motion to dismiss. *Id.* at 306. Similarly, in *In re Enron Corp. Securities,*

*Derivative & "ERISA" Litigation*, No. MDL-1446, Civ. No. H-01-3624, 2002 U.S. Dist.

LEXIS 26261, at *29 (S.D. Tex. Aug. 16, 2002), the motion to lift the stay was made to a

bankruptcy court to obtain documents from a defendant, Enron, that was in the midst of a

bankruptcy proceeding.[4] Here, no such exceptional circumstances are present.  There is

no basis to compare the principal defendant in this case, Bank of America, to WorldCom

or Enron. *See, e.g., In re Vivendi Sec. Litig.*, 381 F. Supp. 2d 129, 130-31 (S.D.N.Y.

2003) (plaintiffs failed to meet their burden of establishing "exceptional circumstances"

where there was "no evidence that plaintiffs face the . . . prospect . . . that they would be

left without remedy in light of settlement discussions or other intervening events, such as

bankruptcy"); *In re AOL Time Warner, Inc. Sec & ERISA Litig.*, MDL No. 1500, 2003

U.S. Dist. LEXIS 12846, at *4-6 (S.D.N.Y. July 25, 2003) (refusing to allow discovery of

documents previously produced to governmental entities where plaintiffs had not

established undue prejudice).

---

[4]    *See also In re Royal Ahold N.V. Sec. & ERISA Litig.*, 220 F.R.D. 246, 251-52 (D. Md. 2004) (vacating stay in view of risk that defendant's proposed divestitures could negatively affect securities plaintiffs' future recovery if case were delayed); *In re Lernout & Hauspie Sec. Litig.*, 214 F. Supp. 2d 100, 108-09 (D. Mass. 2002) (permitting limited discovery where case involved "a particularly extreme set of circumstances on top of litigation delay raising real concerns about loss of evidence.").

Moreover, lifting the stay in this case is particularly inappropriate because the complaints in this action are unlikely to survive challenge. This Court has already dismissed the derivative claims once on jurisdiction grounds, and the sufficiency of those claims has been challenged on a host of other grounds. (Derivative Action D.I. 75.) "Essentially the same" federal securities claims are already being pursued in the Activest Action (Pls. Br. at 1, 6), a circumstance that makes eventual dismissal of the Benoit Group's duplicative claims the most logical result. Accordingly, plaintiffs' motion to vacate the stay amounts to a premature request to "fish" through the discovery from the Activest Action before the sufficiency of the complaints is formally considered by this Court. This sort of "fishing expedition" is precisely what the PSLRA discovery stay is intended to avoid. *See SG Cowen Secs. Corp.*, 189 F.3d at 913 ("[A]s a matter of law, failure to muster facts sufficient to . . . [survive a motion to dismiss] cannot constitute the requisite 'undue prejudice' to the plaintiff justifying a lift of the discovery stay under § 78u-4(b)(3)(B). To so hold would contravene the purpose of the Act's heightened pleading standards.").

**B.    Plaintiffs' Reliance on the Schedule for Future Motions to Dismiss Is Misplaced.**

Plaintiffs argue the stay should be lifted because "there is no dismissal motion currently pending." (Pls. Br. at 1.) Even when a motion to dismiss has yet to be filed, the automatic stay of discovery applies because "[u]ntil the opportunity to test the sufficiency of the complaint has passed, the congressional intent is clear—no discovery should commence." *In re Carnegie Int'l Corp. Secs. Litig.*, 107 F. Supp. 2d 676, 681 (D. Md. 2000); *see also Behlan* v. *Merrill Lynch*, 311 F.3d 1087, 1091 (11th Cir. 2002)

-11-

(holding that "the PSLRA also require[s] a mandatory stay of discovery until the district court [can] determine the legal sufficiency of the class action claims").

This rule is necessary to prevent "unseemly gamesmanship, *i.e.*, a race to serve subpoenas for discovery before a defendant had the opportunity to test the sufficiency of the complaint." *Carnegie*, 107 F. Supp. 2d at 683. Here, plaintiffs stipulated to a schedule (which was adopted by the Court) whereby (1) the Court will first rule on the motion for consolidation and appointment of a Lead Plaintiff; (2) plaintiffs next will file a consolidated amended complaint; and (3) defendants thereafter will move to dismiss the amended complaint. (D.1. 24.) Because plaintiffs have agreed to a schedule that has deferred defendants' motion to dismiss until after a consolidated amended complaint is filed, plaintiffs should not be permitted to use that delay to avoid the automatic PSLRA stay.

C.    **Plaintiffs Are Not Relieved of the PSLRA Stay by Simply Pleading State-Law Claims.**

Plaintiffs also contend that the Court should not construe the PSLRA to limit their ability to obtain discovery relating to their state-law derivative claims. (Pls. Br. at 6.) The mere presence of state-law claims in a complaint also asserting federal securities law claims is not a sufficient ground for lifting the automatic PSLRA stay. Indeed, "Congress' attempt to address [concerns of discovery abuse] would be rendered meaningless if securities plaintiffs could circumvent the [PSLRA discovery] stay simply by asserting pendent state law claims in federal court in conjunction with their federal law claims." *SG Cowen Sec. Corp.*, 189 F.3d at 913 n.1; *see also, e.g., Winer*, 2004 U.S. Dist. LEXIS 1825, at *8-9.

-12-

**D.    The Existence of Claims That Are "Essentially the Same" as the Activest Claims Does Not Warrant Lifting the PSLRA Discovery Stay.**

Plaintiffs have vacillated on how to characterize the Securities Exchange Act claims in the Activest Action. In the present motion, plaintiffs characterize the Activest claims as "essentially the same." (Pls. Br. at 1.) In papers filed last month, however, plaintiffs argued that the Activest claims were different from those asserted here. (D.I. 30 at 4-5.) Regardless, plaintiffs' contention that the "overlap with claims already upheld in Activest" establishes grounds to vacate the PSLRA stay is without merit. If the Benoit Group's securities claims are identical to those asserted in the Activest Action, Activest is the appropriate Lead Plaintiff and the Benoit Group's claims should be dismissed as improper claim splitting. If the Benoit Group's claims are distinct from those of the Activest plaintiffs, then defendants must be given the opportunity to challenge the legal sufficiency of the Benoit Group's claims before the PSLRA stay is lifted.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion to vacate the PSLRA

discovery stay should be denied.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*Richard H. Morse*

Richard H. Morse (No. 531)
rmorse@ycst.com
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
(302) 571-6600

*Attorneys for Defendants MBNA Corporation, Bank*
*of America Corporation, Bruce Hammonds, Kenneth*
*Vecchione, Richard Struthers, John Cochran, III,*
*Lance Weaver, Charles Krulak, Michael Rhodes,*
*John Scheflen, Randolph Lerner and Kenneth Lewis*

Of Counsel:

Richard J. Urowsky
Richard C. Pepperman, II
Stacey R. Friedman
Ryan C. Williams
M. David Possick
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000

February 7, 2008

## CERTIFICATE OF SERVICE

I, Richard H. Morse, hereby certify that on February 7, 2008 I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

A. Zachary Naylor
CHIMICLES & TIKELLIS, LLP
One Rodney Square
P.O. Box 1035
Wilmington, DE 19899

I further certify that on February 7, 2008, I caused a copy of the foregoing document to be served by Federal Express on the following counsel:

Jeffrey P. Fink
Julia Williams
ROBBINS UMEDA & FINK, LLP
610 West Ash Street, Suite 1800
San Diego, CA 92101

Jay B. Kasner,
Susan L. Saltzstein
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036-6522

Roy L. Jacobs
ROY JACOBS & ASSOCIATES
60 East 42nd Street, 46th Floor
New York, NY 10165

Laurence D. Paskowitz
PASKOWITZ & ASSOCIATES
60 East 42nd Street, 46th Floor
New York, NY 10165

Irving Bizar
BALLON STOLL BADER &
NADLER, LLP
1450 Broadway
New York, NY 10018

064261.1001

I further certify that on February 7, 2008, I caused a copy of the foregoing document to

be served by hand delivery on the below listed counsel:

Edward P. Welch
Edward B. Micheletti
SKADEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware  19899-0636

A. Zachary Naylor
Pamela S. Tikellis
CHIMICLES & TIKELLIS, LLP
One Rodney Square
P.O. Box 1035
Wilmington, DE 19899

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Richard H. Morse (I.D. No. 531)
17th Floor, Brandywine Building
1000 West Street
P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6651
rmorse@ycst.com

2